IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| vs. | ) | C/A No.6:02-102-HMH |
| | ) | |
| Gregory Tobias Thompson, | ) | |
| | ) | **OPINION AND ORDER** |
| Movant. | ) | |

This matter is before the court on Gregory Tobias Thompson's ("Thompson") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the court summarily dismisses Thompson's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 11, 2002, Thompson was found guilty by a jury of possession with intent to distribute 500 grams or more of cocaine and using and/or carrying a firearm during the commission of a drug trafficking crime. Thompson was sentenced to 138 months' imprisonment on June 13, 2002. Thompson appealed his conviction and sentence on March 18, 2003. The Fourth Circuit dismissed his appeal on February 10, 2004. Thompson filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on April 15, 2005, alleging that his counsel failed to file an appeal as requested. The court vacated Thompson's sentence and immediately reimposed his judgment of conviction to allow Thompson to appeal. Thompson appealed, and the Fourth Circuit affirmed his conviction and sentence on September 19, 2006. United States v. Thompson, No. 05-4562, 2006 WL 2683119 (4th Cir. Sept. 19, 2006). The instant § 2255 motion was filed on September 14,

1

2007.[1]  Thompson alleges that (1) his counsel, David Plowden and Darren Haley, were constitutionally ineffective for failing to object to the court's jury instruction on reasonable doubt; and (2) the court erred in denying Thompson's motion to substitute counsel and for a continuance.  (Thompson's § 2255 Mot., generally.)

1. Ineffective Assistance of Counsel

Thompson alleges that his counsel was constitutionally ineffective in failing to object to the court's jury instruction defining "reasonable doubt."

In order to successfully challenge a sentence on the basis of ineffective assistance of counsel, Thompson must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that he was prejudiced by his counsel's deficient performance.  See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.  With respect to the second prong, Thompson must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.

The Fourth Circuit has a "rule against elaborating on the meaning of 'reasonable doubt.'"  United States v. Reives, 15 F.3d 42, 45 (4th Cir. 1994).  The court noted its "longstanding, albeit forgiving, proscription against any attempts to define reasonable doubt to jurors."  Id. at 46.  Further, a "court's decision to give a reasonable doubt instruction is not necessarily reversible error.  In such a case, . . . the instruction taken as a whole . . . [must]

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

2

correctly convey[,] the concept of reasonable doubt to the jury." United States v. Mahabir, No. 95-5311, 1997 WL 297498, at *4 (4th Cir. June 4, 1997) (unpublished) (internal quotation marks omitted).

In this case, the jury began its deliberations at 3:20 p.m. At 4:55 p.m., the jury sent a note asking the following question: "Are we looking for a high probability that the defendant knew he was carrying a controlled substance or are we looking for positive proof that he knew he was carrying a controlled substance? Define reasonable doubt." (Appendix at 187.) The court informed counsel and Thompson that "what I anticipate is briefly telling [the jury] that I don't define reasonable doubt." (Id. 186.) The court told the jury as follows:

> You're not looking for a high probability. And I did not charge you that it is required that the Government prove a high probability. I did not charge you that the Government must prove positive proof. I will try to go over certain definitions that I did charge you and I hope it will help you.
> The Government must prove beyond a reasonable doubt that the defendant knew the substance was a controlled substance. The term "knew" as used in these instructions to describe the alleged state of mind of the defendant means that he was conscious and aware of his actions, realized what he was doing or what was happening around him and did not act because of ignorance, mistake or accident. The purpose of requiring the defendant to have known that the substance was a controlled substance is to insure that no one will be convicted for an act done because of mistake or accident or other innocent reason. When knowledge of the existence of a particular fact is an essential part of an offense, such knowledge may be established if the defendant is aware of a high probability of its existence, unless he actually believes that it does not exist.
> So with respect to the issue of the defendant's knowledge in this case, if you find from all the evidence beyond a reasonable doubt that the defendant believed he possessed in order to be able to say, if he should be apprehended, that he did not know the context of the package, you may treat such deliberate avoidance of positive knowledge as the equivalent of knowledge. In other words, you may find that the defendant acted knowingly if you find beyond a reasonable doubt either that the defendant actually knew he possessed a controlled substance or he deliberately closed his eyes to the what he had every reason to believe was the fact.

3

> I must emphasize, however, that the requisite proof of knowledge on the part of the defendant cannot be established by merely demonstrating that he was negligent or careless. It is not necessary for the Government to prove that the defendant knew the precise nature of the controlled substance that was possessed with intent to distribute. What is necessary is that the Government prove beyond a reasonable doubt that the defendant did not know that some type of controlled substance was possessed with intent to distribute.
>
> You many also consider either direct or circumstantial evidence. Direct evidence is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstance indicating either the guilt or innocence of the defendant. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It requires only that you weigh all of the evidence and be convinced of the defendant's guilt beyond a reasonable doubt before he can be convicted.
>
> In other words, unless the Government proves beyond a reasonable doubt that the defendant has committed every element of the offense with which he is charged you must find him not guilty. If you view the evidence in the case as reasonably permitting either of two conclusions, one of innocence, the other of guilt, you should adopt the conclusion of innocence.
>
> I don't know if I just read this or not. If I did I apologize. Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any reasonable doubt concerning a defendant's guilt. The court does not define reasonable doubt. Reasonable doubt means what it says. Reasonable doubt. Good luck to you. I'll send you back to your jury room.

(Id. 187-90.) The court properly charged the jury and did not define reasonable doubt.

Therefore, Thompson's counsel were not constitutionally ineffective in failing to object to the court's charge because had no basis to do so.

### 2. Counsel of Choice

Thompson alleges that the "trial court erred in denying [his] motion to substitute counsel in violation of [his] Sixth Amendment right to counsel of choice." (Mem. Supp. § 2255 Mot. 11.) Thompson was represented by appointed counsel at all pretrial proceedings and jury selection on March 5, 2002. However, on March 11, 2002, the date Thompson's

trial was set to begin, Thompson made an oral motion to continue the trial to allow newly-retained defense counsel time to prepare. The court denied the motion to continue because this case had been pending since December 13, 2001, the jury had already been selected, and Plowden, the public defender appointed to represent Thompson, was prepared to try the case. The court further instructed the public defender to stay and assist Thompson's newly-retained counsel with the trial.

"The Constitution generally entitles a defendant to representation by counsel of his choice." United States v. Baucom, 486 F.3d 822, 827 (4th Cir. 2007). "This right may be violated when the district court refuses to continue a trial despite the fact that the defendant does not have counsel, or when defendant's counsel is unprepared to proceed." Id. However, "[a]t the same time . . . a defendant cannot delay trial indefinitely by simply showing up without counsel, or with allegedly unsatisfactory counsel, whenever his case is called for trial." Id. (internal quotation marks omitted). The court, "[i]n considering a request for continuance on the basis of absence of counsel . . . must make a judgment whether the lack of counsel results from the lack of a fair opportunity to secure counsel or rather from the defendant's unjustifiable failure to avail himself of an opportunity fairly given." Id. (internal quotation marks omitted). In addition, the "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." United States v. Williams, No. 06-4215, 2007 WL 1157421, at *1 (4th Cir. April 19, 2007) (unpublished) (internal quotation marks omitted).

On direct appeal, Thompson alleged that the court erred in denying his motion for a continuance on the morning of his trial. Thompson, 2006 WL 2683119, at *2. The Fourth

5

Circuit found that the court did not abuse its discretion in denying Thompson's motion to continue. Id. Thompson cannot relitigate issues on collateral review that have already been decided by the Fourth Circuit. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Therefore, this claim is wholly without merit.

Therefore, it is

**ORDERED** that Thompson's § 2255 motion is summarily dismissed. It is further

**ORDERED** that Thompson's motion for subpoenas, docket number 54, is denied as moot. It is further

**ORDERED** that Thompson's motion to appoint counsel, docket number 56, is denied as moot. It is further

**ORDERED** that Thompson's motion to supplement the record, docket number 57, is denied as moot.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
September 25, 2007

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.